## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

KARL KEVIN HILL,

        Plaintiff,

v.                              Civil Action No. 2:09cv142

WARDEN JOEL ZIEGLER, et al.,

        Defendants.

### ORDER

On August 10, 2010, Magistrate Judge James E. Seibert filed his Report and Recommendation, wherein the plaintiff was directed, in accordance with 28 U.S.C. § 636(b)(1), to file with the Clerk of Court any written objections within fourteen (14) days after being served with a copy of the Report and Recommendation. On September 15, 2010, the plaintiff filed his Objections to the Magistrate's Report and Recommendation. Upon examination of the report from the Magistrate Judge, it appears to the Court that the issues raised by the plaintiff in his Complaint, brought pursuant to ***Bivens v. Six Unknown Agents of Fed. Bureau of Narcotics***, 403 U.S. 388 (1971), wherein plaintiff alleges that he failed to receive proper medical diagnosis and treatment, were thoroughly considered by Magistrate Judge Seibert in his Report and Recommendation ("R&R"), as were the issues raised by the defendants in their Motion to Dismiss or, in the Alternative, Motion for Summary Judgment.

Upon review of the plaintiff's objections, this Court finds that the plaintiff has not raised any issues that were not already throughly considered and correctly addressed by the Magistrate Judge in his R&R. Plaintiff argues in his objections that he has exhausted his administrative remedies with regard to complaints of pelvic, liver, kidney and

psychological issues.  However, this Court has reviewed the administrative record in this matter and agrees with the Magistrate Judge's finding that the plaintiff did not raise issues with diagnosis or treatment of pelvis, liver, kidney or psychological ailments at each of the required steps of the Bureau of Prisons grievance process, which thus prevents him from appealing these issues further.  *See* 28 C.F.R. § 542.15(b)(2) ("An inmate may not raise in an Appeal issues not raised in the lower level filings. An inmate may not combine Appeals of separate lower level responses (different case numbers) into a single Appeal."). Accordingly, the Court finds that the plaintiff did not exhaust his administrative remedies with regard to these issues, and his objection is overruled.

Plaintiff also argues in his objections that he named Dr. Michael Waters in his individual capacity.  However, as noted by the Magistrate Judge in his ("R&R"), the medical records do not show any treatment being provided by Dr. Walters prior to the filing of the instant action.  As further stated in the ("R&R"), personal involvement on the part of the defendant must be shown to establish a claim for violation of a constitutional right in a **Bivens** case.  *See, e.g.,* ***Zatler v. Wainbright***, 802 F.2d 397, 401 (11th Cir. 1986).  This Court agrees with the Magistrate Judge in finding that the plaintiff cannot make any claim of personal involvement on the part of Dr. Walters, and the plaintiff's objection is overruled.

Accordingly, based upon a *de novo* review of the entire record before the Court, the Court finds that there is no evidence to support any claims that the medical staff, including Defendant Brescoach, was deliberately indifferent to plaintiff's medical needs.  Moreover, the Court, upon an independent *de novo* consideration of all matters now before it, is of the opinion that the ("R&R") accurately reflects the law applicable to this case.  Therefore, it is

**ORDERED** that Magistrate Judge Seibert's Report and Recommendation (Doc. 42)

be, and the same hereby is, **ADOPTED**.  Accordingly, it is

ORDERED that the defendants' Motion to Dismiss or, in the Alternative, Motion for Summary Judgment (Doc. 33) shall be, and the same is hereby, **GRANTED**.  It is further

ORDERED that the plaintiff's Complaint (Doc. 1) shall be, and the same hereby is **DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief can be granted.  It is further

ORDERED that the above-styled action shall be **STRICKEN** from the docket of this Court.  It is further

ORDERED that the Clerk shall enter judgment for the defendants.  It is further

ORDERED that, if the plaintiff should desire to appeal the decision of this Court, written notice of appeal must be received by the Clerk of this Court within thirty (30) days from the date of the entry of the Judgment Order, pursuant to Rule 4 of the Federal Rules of Appellate Procedure.  The $5.00 filing fee for the notice of appeal and the $450.00 docketing fee should also be submitted with the notice of appeal.  In the alternative, at the time the notice of appeal is submitted, Plaintiff may, in accordance with the provisions of Rule 24(a) of the Federal Rules of Appellate Procedure, seek leave to proceed *in forma pauperis* from the United States Court of Appeals for the Fourth Circuit.

**DATED**: October 6, 2010.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE